UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HARRY G. WILSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-17087** |
| **R.N. JOHN POLITE** | **SECTION: "B"(3)** |

# REPORT AND RECOMMENDATION

Plaintiff, Harry G. Wilson, a state pretrial detainee, filed this federal civil rights action against John Polete.[1] In this lawsuit, plaintiff claims that he was denied adequate medical care at the Orleans Justice Center.

Currently pending before the Court is Polete's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] Plaintiff opposes that motion.[3] For the following reasons, the motion should be granted.

Rule 12(b)(6) allows a defendant to move for dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on a Rule 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." _In re Katrina Canal Breaches Litigation_, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). However, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

---

[1] In the complaint, Polete's surname was incorrectly given as "Polite."
[2] Rec. Doc. 27.
[3] Rec. Doc. 29.

allegations in the complaint are true (even if doubtful in fact)." Id. (citation, footnote, and quotation marks omitted). On that point, the United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

In this lawsuit, plaintiff states his claim as follows:

> On November 1st, 2017 I went to the clinic for emergency sick call, for swelling in my left leg. RN, John Polite, was the incharge nurse of the night shift. After I explained to him that I was in pain and my leg is constantly swelling (he) RN, John Polite, ignored me and denied me adequate medical treatment. In fact he never left the computer he was on. (See camera on unit) That's when another nurse urged the deputy whom escorted me to the clinic to bring me back to my said living quarters and to bring me back in the morning (which will be the morning shift). When the morning shift came on nobody summoned me to the clinic. When it became 24 hours later I declared myself another emergency sick call to the clinic. Soon as I arrived I was seen by RN, Payton, and soon as she seen that my left leg was infected and very swollen she immediately routed me out to University Medical Center. Whereas I was admitted and giving adequate medical treatment for the entire 2 days I was there, until the swelling & infection was gone. Please be advised that I have no right leg and no toes on my left leg due to gangegreen [sic] from 2013.[4]

In his motion, the defendant argues that plaintiff's claim should be dismissed because he suffered nothing more than a one-day delay in receiving medical care and no substantial harm resulted from that delay. The defendant is correct.

The United States Fifth Circuit Court of Appeals has held:

> The Fourteenth Amendment provides that government officials may not disregard the "basic human needs" of pretrial detainees, which include medical care. Hare v. City of Corinth, Miss., 74 F.3d 633, 639 (5th Cir. 1996) (en banc). An official violates this clearly established right if actions are taken with deliberate indifference to the detainee's serious medical needs. Id. at 647-48. Deliberate

---

[4] Rec. Doc. 1, p. 5.

> indifference is shown where the official "knew of and disregarded an excessive risk to the inmate's health or safety." Gibbs v. Grimmette, 254 F.3d 545, 549 (5th Cir. 2001).
>
> Mere negligence is not sufficient to show deliberate indifference to medical needs. Id. "Rather, the plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Tex. Dep't of Crim. Justice, 239 F.3d 752, 756 (5th Cir. 2001) (citation and quotation marks omitted). *A delay in treatment is a constitutional violation only where "there has been deliberate indifference [that] results in substantial harm."* Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006) (citation and quotation marks omitted) (alteration in original).

Flores v. Jaramillo, 389 Fed. App'x 393, 395 (5th Cir. 2010) (emphasis added); accord Childers v. San Saba County, 714 Fed. App'x 384, 386 (5th Cir. 2018); Rhine v. Ellison, 537 Fed. App'x 410, 411 (5th Cir. 2013) (affirming Rule 12(b)(6) dismissal of inmate's medical claims, holding, "[a]lthough plaintiff alleged sufficient facts from which it could be inferred that [the defendants] knew that [plaintiff] believed her shoulder was hurt, her allegations do not permit the inference that these defendants knew that her shoulder injury posed a substantial risk of serious harm or that delaying medical attention would result in a substantial risk of serious harm").

In the instant case, plaintiff does not allege in either his complaint or his opposition to the motion to dismiss that he suffered any harm, much less substantial harm, from the one-day delay in transporting him to the hospital.[5] Accordingly, the defendant's motion to dismiss should be granted.

---

[5] In his opposition, plaintiff opines that "if [Polete] would have took time out to see me, *maybe* it would not been this worst." Rec. Doc. 29 (emphasis added). Such a vague, qualified, and speculative assertion does not suffice to make plaintiff's claim actionable. See Stogner v. Tangipahoa Parish Sheriff's Office, Civ. Action No. 13-5092, 2014 WL 4425744, at *5 (E.D. La. Sept. 8, 2014).
  Moreover, the Court notes that plaintiff devotes the bulk of his opposition to an entirely different claim – namely, that jail officials did not take him back to the hospital for a follow-up examination after he completed his course of medication. However, even if that allegation is construed as an amendment to the complaint, it still fails to state a claim against *Polete*, the sole defendant in this lawsuit. It is clear that "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Here, it is not alleged that Polete played any role whatsoever in the decision not to return plaintiff to the hospital for a follow-up examination.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the defendant's motion to dismiss be **GRANTED** and that plaintiff's claim be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighteenth day of June, 2018.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**